**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 12th day of July, 2016.**



_____
Robert D. Berger
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **MARTIN ALAN BOYD and** | **Case No. 15-20171** |
| **DEBORAH ANN BOYD,** | **Chapter 13** |
|     Debtors. | |

---

**STATE OF KANSAS DEPARTMENT OF LABOR,**
    Plaintiff,

    v.                                                                                                                 **Adversary No. 15-6071**

**DEBORAH ANN BOYD,**
    Defendant.

---

### MEMORANDUM OPINION AND ORDER DISMISSING ADVERSARY PROCEEDING

    Plaintiff Kansas Department of Labor commenced this adversary proceeding under 11 U.S.C. §§ 523(a)(2), (c)(1), and 1328, seeking nondischargeability of its claim against Defendant Deborah Boyd for fraudulently receiving unemployment benefit overpayments.[1] The Court dismisses Plaintiff's complaint because its claim is not subject to the § 1328 discharge.

---

[1] Doc. 1. All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.

16.07.12 15-6071 Boyd Order Dismissing Adversary

**VENUE AND JURISDICTION**

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[2] Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I). The parties do not object to venue or jurisdiction.

**BACKGROUND**

Beginning with the week ending April 26, 2014, and ending with the week ending May 31, 2014, Defendant received unemployment benefits from Plaintiff.[3]

On January 31, 2015, Defendant filed a joint voluntary Chapter 13 petition and Chapter 13 plan (Plan) with Martin Alan Boyd.[4] Defendant's initial schedules did not list Plaintiff as a creditor. The Plan was confirmed on March 18, 2015.[5] The general bar date for proofs of claim was May 26, 2015, with governmental claims due August 3, 2015.[6]

On June 18, 2015—three months after Plan confirmation—Plaintiff opened an investigation into whether Defendant fraudulently received unemployment benefit overpayments.[7] On June 30, 2015, Plaintiff issued a final administrative order finding that Defendant fraudulently received unemployment benefit overpayments.[8] Defendant filed an

---

[2] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).
[3] Doc. 1, at 11, Case No. 15-6071.
[4] Doc. 1 and 2, Case No. 15-20171.
[5] Doc. 23, Case No. 15-20171.
[6] Doc. 7, Case No. 15-20171.
[7] Doc. 1, at 5, ¶ 9, Case No. 15-6071.
[8] *Id.* at 12–13.

amended Schedule F on July 8, 2015, adding Plaintiff as an unsecured nonpriority creditor.[9]  On July 16, 2015, Plaintiff filed Claim 14-1 for unemployment benefit overpayments.[10]  On July 29, 2015, Plaintiff commenced the instant proceeding seeking nondischargeability of its claim.[11]

## ANALYSIS

Under § 1327(a), "[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is *provided for* by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan."[12]  A Chapter 13 plan must "provide for" the claim for the § 1328 discharge to apply.[13]  "The most natural reading of the phrase to 'provid[e] for by the plan' is to 'make a provision for' or 'stipulate to' something in a plan. . . . [T]hat phrase is commonly understood to mean that a plan 'makes a provision' for, 'deals with,' or even 'refers to' a claim."[14]  Additionally, "[t]he Bankruptcy Rules require notice to each creditor that includes a copy of the plan or summary of the plan" under § 342.[15]

A debt is subject to discharge under § 1328 if the "claimants have proper notice and an opportunity to object to confirmation . . . ."[16]  Plaintiff's claim arose pre-petition when Defendant improperly received unemployment benefits.[17]  However, Plaintiff did not have timely notice with an opportunity to object to confirmation of the Plan or otherwise participate in

---

[9] Doc. 36, Case No. 15-20171.
[10] Claim 14-1, Case No. 15-20171.
[11] Doc. 1, Case No. 15-6071.
[12] 11 U.S.C. § 1327(a) (emphasis added).
[13] 11 U.S.C. § 1328.
[14] Rake v. Wade, 508 U.S. 464, 473–74 (1993).
[15] Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4TH EDITION, § 233.1, at ¶ 3, Sec. Rev. June 15, 2004, www.Ch13online.com; FED. R. BANKR. P. 3015(d).
[16] 8 COLLIER ON BANKRUPTCY ¶ 1328.02[3][a], at 1328-13 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed. 2016).
[17] Grady v. A.H. Robins Co. Inc., 839 F.2d 198 (4th Cir. 1988) (holding that a claim may arise before commencement of a bankruptcy case even though payment depends on a future uncertain event); Roach v. Edge (*In re* Edge), 60 B.R. 690, 701 (Bankr. M.D. Tenn. 1986) ("a claim arises at the time of the negligent act").

this case pre-confirmation. Thus, Plaintiff did not have adequate notice sufficient to satisfy due process requirements and its claim will not be discharged.[18]

Defendant is bound by the Plan under § 1327(a), but Plaintiff is not so bound. Plaintiff's complaint to determine dischargeability under §§ 523(a)(2), (c)(1), and 1328 is dismissed because its claim is not subject to discharge under § 1328.

However, Plaintiff is still bound by the provisions of the automatic stay because its claim arose pre-petition.[19] Under § 362, the automatic stay is effective immediately upon the filing of the petition for relief.[20] "Because the stay is imposed automatically, and often without notice to parties who may be stayed, a party may violate the stay without realizing that it has taken effect."[21] Actions taken in violation of the automatic stay are void and without effect.[22] Thus, Plaintiff's audit and administrative assessment violated the automatic stay and are void.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's complaint is dismissed without prejudice because it is not subject to the § 1328 discharge in this case.

**IT IS FURTHER ORDERED** that Plaintiff's audit and administrative assessment against Defendant are void because they violated the § 362 automatic stay.

**IT IS SO ORDERED.**

---

[18] *In re* Hairopoulos, 118 F.3d 1240, 1244 (8th Cir. 1997) ("a claim cannot be considered to have been provided for by the plan if a creditor does not receive proper notice of the proceedings") (citing *In re* Ryan, 78 B.R. 175, 183 (Bankr. E.D. Tenn. 1987)); 8 COLLIER ON BANKRUPTCY, *supra* note 16, ¶ 1328.02[3][a], at 1328-13–14 ("[C]ourts have held that a creditor that is not scheduled and does not have notice of the chapter 13 case in time to file a claim or to participate in the confirmation process has not been provided for by the plan.").

[19] Grady, 839 F.2d 198.

[20] Soares v. Brockton Credit Union (*In re* Soares), 107 F.3d 969, 975 (1st Cir. 1997).

[21] 3 COLLIER ON BANKRUPTCY, *supra* note 16, ¶ 362.12, at 362-140.

[22] Kalb v. Feuerstein, 308 U.S. 433, 438 (1940) ("the action of the . . . [c]ourt was not merely erroneous but was beyond its power, void, and subject to collateral attack."); Ellis v. Consol. Diesel Elec. Corp., 894 F.2d 371, 372 (10th Cir. 1990) ("It is well established that any action taken in violation of the stay is void and without effect."); Job v. Calder (*In re* Calder), 907 F.2d 953, 956 (10th Cir. 1990) ("[A]ny action taken in violation of the stay is void and without effect, even where there is no actual notice of the existence of the stay." (citation omitted)).

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS